IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MARCUS LESHAWN DIXON, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:25CV214–HEH
)
DIRECTOR, VIRGINIA DEPT. OF )
CORRECTIONS, )
)
    Respondent. )

### MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

Petitioner Marcus LeShawn Dixon ("Petitioner"), a Virginia prisoner proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court of the County of Northampton for first degree murder, breaking and entering, robbery, and three (3) counts of use of a firearm in the commission of a felony. ("§ 2254 Petition," ECF No. 1.) The Court previously has denied a 28 U.S.C. § 2254 petition filed by Petitioner challenging these convictions. *Dixon v. Clark*, No. 3:12CV429, 2013 WL 4880465, at *1, *9 (E.D. Va. Sept. 12, 2013). Accordingly, by Memorandum Opinion and Order entered on April 10, 2025, the Court explained that the § 2254 Petition was successive and unauthorized, and dismissed the action without prejudice for want of jurisdiction. (ECF Nos. 5, 6.)

On April 29, 2025, the Court received a "MOTION PURSUANT TO RULE 60(b)(6)" from Petitioner. (ECF No. 9.) However, because Petitioner's submission was received within twenty-eight (28) days after the entry of the April 10, 2025 Memorandum

Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (holding that a filing made within the requisite Rule 59(e) timeframe shall be construed as a Rule 59(e) motion (citing *dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although the Motion is not clear, the Court construes Petitioner to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

Petitioner suggests that the Respondent "has not alleged a credible defense" about the successive nature of his § 2254 Petition and that the Court's Memorandum Opinion dismissing his § 2254 Petition as successive and unauthorized, "does not with 'clarity' and 'particularity' articulate the ground(s) which constitute said denial by this Court." (ECF No. 9, at 5.) Then Petitioner continues to reargue errors in his state court proceedings. (*Id.*) The Court very clearly explained that because Petitioner had

2

previously filed a § 2254 petition challenging the same convictions, the § 2254 Petition was successive and unauthorized, and, therefore, the Court lacked jurisdiction to review it. Moreover, Respondent was not required by the Court to file a response.

In sum, Petitioner fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 9) will be denied. A certificate of appealability will be denied.

An appropriate order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 5, 2025
Richmond, Virginia